■ DOMINICK CARELLI et al., Respondents-Appellants, v LAURETTE DEMORO-GRAFFERI et al., Respondents, and BARTON'S BONBONNIERE, Also Known as BARTON'S CANDY Co., Defendant and Second Third-Party Plaintiff-Appellant-Respondent. MIDTOWN NEON SIGN CORPORATION, Second Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., brought pursuant to Labor Law §§ 200 and 240 (1), Barton's Bonbonniere appeals, as limited by its notice of appeal and brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Bellard, J.), entered December 5, 1984, as, upon a jury verdict after a trial on the issue of liability only, (1) found it 60% at fault and the plaintiff Dominick Carelli 40% at fault under Labor Law § 200, and (2) dismissed the second third-party complaint against the second third-party defendant Midtown Neon Sign Corp., and the plaintiffs cross-appeal from so much of the same interlocutory judgment as, upon the jury verdict, dismissed their claim under Labor Law § 240 (1).

Interlocutory judgment reversed insofar as appealed from,

on the law and as a matter of discretion in the interest of justice, and new trial ordered, with costs to abide the event.

The trial court, in its charge with respect to the applicable Labor Law provisions (Labor Law §§ 200, 240 [1]), erred in failing to incorporate the contentions of the parties or to otherwise relate the facts of the case to the applicable law. Additionally, the court's charge in regard to Labor Law § 200 was wholly inadequate in that it failed to advise the jury of the duties and defenses of the owner under this section (see, PJI 2:216). It is well settled that a charge that confuses and creates doubt as to the principles of law to be applied requires a new trial (see, Biener v City of New York, 47 AD2d 520).

Additionally, the court erroneously admitted over objection, testimony from the plaintiffs' expert which referred to standards in the New York City Administrative Code which were enacted and became applicable after the ceiling in question was constructed (see, Cassano v Hagstrom, 5 NY2d 643).

We have examined the parties' remaining contentions and find them to be without merit. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.