■ MARCO ROSAS, Appellant, v MOHAMMED Z. ISHACK et al., Respondents. [631 NYS2d 417] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (LeVine, J.), dated December 16, 1993, which denied his motion to vacate a decision of the same court (Leviss, J.), granting the defendants' oral application to set aside the verdict, and (2) an order of the same court, dated June 18, 1994, which granted the defendants' motion to set aside the jury verdict and ordered a new trial.

Ordered that the appeal from the order dated December 16, 1993, is dismissed, as no appeal lies from an order deciding a motion to vacate a decision (see, Behrens v Behrens, 143 AD2d 617); and it is further,

Ordered that the order dated June 18, 1994, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On June 14, 1989, during the performance of certain exterior renovations at the home of the defendants in conjunction with work being performed by the defendant homeowner Mohammed Z. Ishack, the plaintiff was injured when he stepped on a nail while walking on the driveway of the defendants' home, which was littered with debris left there by Mohammed Ishack.

The trial court charged the jury, in pertinent part:

"The duty to use reasonable care to provide and maintain a safe place to work is stated in Section 200, subdivision 1 of the New York State Labor Law which requires in a place where plaintiff was working, quote:

"Be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places, close quotes.

"If you find that defendant violated this duty and that plaintiff's injuries was *[sic]* caused by defendant's violation, then you will find the defendants were at fault".

At the end of the charge, the defendants' counsel registered an objection to the trial court's instructions in that it failed to advise the jury that: "the plaintiff must prove that the defendants exercised supervision and control over the plaintiff in the doing of the work". The trial court refused to amend its charge.

The jury found that the defendants were negligent and that their negligence was the proximate cause of the accident. The jury further found that the plaintiff was also negligent but that his negligence was not a proximate cause of the accident. Before the jury was discharged, the defendants' attorney moved to set aside the verdict as against the weight of the evidence, whereupon the court stated:

"It is the opinion of the Court that it's an inconsistent verdict under the facts of this case, the jury having found the plaintiff negligent, they must, under his own testimony, have found that his negligence was a proximate cause of the accident.

"The Court must set the verdict aside".

We conclude that the jury verdict was properly set aside although for reasons other than that stated in the trial court's oral decision finding the verdict inconsistent.

Whether or not a verdict is inconsistent must be determined in light of the court's charge *(see, Rubin v Pecoraro,* 141 AD2d 525). Here, the court charged that the defendants could be found negligent if they failed to provide a safe workplace and that failure caused the plaintiff's injuries. The jury reasonably could have found, consistent with the court's charge, that although the plaintiff was negligent in not seeking a path around the debris, his negligence was not the proximate cause of the accident. Therefore, the court erred in determining that the verdict was inconsistent as a matter of law *(see, e.g., Schermerhorn v Warfield,* 213 AD2d 877; *Brooks v Adams,* 204 AD2d 938).

However, upon our examination of the trial court's charge regarding Labor Law § 200, we find that the charge failed to incorporate the contentions of the parties or otherwise relate the facts of the case to the applicable law *(see, Carelli v Demoro-*

*Grafferi,* 121 AD2d 673). Labor Law § 200 governs general safety in the workplace and, as applicable here, imposes upon owners the affirmative duty to exercise reasonable care to provide and maintain a safe place to work *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Leon v Peppe Realty Corp.,* 190 AD2d 400; *Olsommer v Walker & Sons,* 4 AD2d 424, *affd* 4 NY2d 793). Nevertheless, a party charged with a violation of Labor Law § 200 must be shown to have exercised sufficient control over the work being performed to correct or avoid the unsafe condition *(see, Leon v Peppe Realty Corp., supra; Dube v Kaufman,* 145 AD2d 595). Thus, the trial court's charge was inadequate in that it failed to instruct the jury fully as to the duties and defenses of the owner based on the evidence adduced during the trial. Since it is well settled that a charge that confuses and creates doubt as to the principles of law to be applied mandates reversal, a new trial is ordered *(see, Biener v City of New York,* 47 AD2d 520; *Carelli v Demoro-Grafferi, supra).* Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.