■ EDWARD ZORY et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party

Plaintiff-Respondent. OGDEN ALLIED ABATEMENT AND DECONTAMINATION SERVICE, INC., Third-Party Defendant-Respondent. [670 NYS2d 564] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated October 25, 1996, which, upon a jury verdict in favor of the defendant Consolidated Edison Company of New York, Inc., dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

Labor Law § 240 (1) provides, in pertinent part, as follows: "All contractors and owners * * * shall furnish or erect, or cause to be furnished or erected * * * scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]".

The list of required safety devices contained in Labor Law § 240 (1), all of which are used in connection with elevation differentials, evinces a clear legislative intent to provide exceptional protection for workers against the special hazards that arise when the work site either is itself elevated or is positioned below the level where materials or loads are hoisted or secured (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). The special hazards, however, do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, the special hazards are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494).

Although the injured plaintiff claimed that he was struck by a falling object that was improperly hoisted or inadequately secured, he was not entitled to judgment as a matter of law on the issue of liability under Labor Law § 240 (1). There was a question of fact regarding, inter alia, whether the accident actually occurred. Accordingly, the trial court properly denied the appellants' cross motion during the trial for judgment as a matter of law on the Labor Law § 240 (1) cause of action.

It was not error to incorporate the contentions of the parties in the charge (see, Carelli v Demoro-Grafferi, 121 AD2d 673). Moreover, the charge as a whole correctly apprised the jurors of the proper standard of care (see, Fleischer v Melmarkets, Inc., 174 AD2d 647; see also, PJI3d 2:217). O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.