■ CHRISTINE PUGLIESE et al., Respondents, v XAVIER D'ESTRADA et al., Appellants, et al., Defendant. [687 NYS2d 430] —In an action to recover damages for personal injuries, etc., the defendants Xavier D'Estrada and Lara D'Estrada appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered March 10, 1998, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $387,637.

Ordered that the judgment is affirmed, with costs.

To establish a prima facie case of negligence in a slip and fall case, the plaintiffs must show that the appellants either created the hazardous condition or had actual or constructive notice of it and a reasonable time within which to correct it or warn of its existence (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Maguire v Southland Corp.,* 245 AD2d 347). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the appellants to discover

and remedy it (*see, Gordon v American Museum of Natural History, supra*).

The appellants admitted that they were aware that after a snowstorm, water leaked from the gutter of their house onto the staircase leading to the basement, tending to form the ice patches upon which the injured plaintiff slipped and fell. Accordingly, the plaintiffs sufficiently established that the appellants had constructive notice of the icy condition. .

Moreover, the trial court did not improvidently exercise its discretion in refusing to grant the appellants an adjournment of one to two weeks in order to re-serve subpoenas for lost medical records (*see,* CPLR 4402; *Balogh v H.R.B. Caterers,* 88 AD2d 136).

The appellants' remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.