■ Shelley Anthony et al., Respondents, v New York City Transit Authority, Appellant. [832 NYS2d 63]—

In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Hinds-Radix, J.), entered July 26, 2005, which, upon a jury verdict on the issue of liability finding the defendant 100% at fault in the happening of the accident, and a jury verdict awarding damages to the plaintiff Shelley Anthony in the principal sums of $200,000 for past pain and suffering and $350,000 for future pain and suffering, and the plaintiff Michelle Anthony in the principal sum of $50,000 for loss of services, and upon an order of the same court dated May 12, 2005, denying its motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, alternatively, to set aside the verdict on the issue of liability as against the weight of the evidence and for a new trial, is in favor of the plaintiffs and against it.

Ordered that the judgment is affirmed, with costs.

The injured plaintiff, Shelley Anthony (hereinafter the plaintiff), while responding to a 911 call with a fellow police officer, slipped and fell on ice that had formed on the bottom step of a stairway leading to an elevated subway station. After falling, the plaintiff remained on the ground for approximately 30 minutes. During this time, he observed water dripping continuously from an overhead stairway canopy onto the bottom step, and observed that the bottom step was covered in ice, a portion of which was approximately one-inch thick.

For a court to conclude that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]).

Contrary to the defendant's contention, the jury rationally could have concluded, under the circumstances presented in this case, that the defendant had constructive notice of the icy condition which caused the plaintiff to slip and fall (*cf. Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907 [2005]). To establish the existence of constructive notice, a plaintiff must show that the defect was visible and apparent and that the defect existed for a sufficient length of time prior to an accident to permit the defendant's employees to discover and rem-

edy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Pugliese v D'Estrada*, 259 AD2d 743, 743-744 [1999]). Here, the jury rationally could have concluded that the subway station cleaner, who was on site on a regular scheduled tour approximately four hours before the accident, would have noticed the ice on the step on which the plaintiff fell in the course of performing his duties. Furthermore, a reasonable inference could be drawn, based on the plaintiff's testimony, that the icy condition existed for a sufficient time to allow the cleaner to discover and remedy it.

In view of our determination, we need not reach the defendant's contention that the plaintiffs failed to prove constructive notice with respect to the claim pursuant to General Municipal Law § 205-e. An action premised on that statute does not require proof of such notice as would be required under a common-law theory of negligence (*see McCullagh v McJunkin*, 240 AD2d 713 [1997]). In any event, proof sufficient to satisfy the notice required for a common-law action is necessarily sufficient to satisfy the requirements of General Municipal Law § 205-e.

There is no merit to the defendant's contention that the court erroneously charged the jury with respect to constructive notice in the context of the General Municipal Law § 205-e claim and that the alleged error "tainted the proceedings" (*see generally Lusenskas v Axelrod*, 183 AD2d 244 [1992]).

There is also no merit to the defendant's contention that the plaintiffs should have been precluded from presenting at trial evidence in support of their theory that the icy condition was caused by water dripping from a canopy because they failed to give notice of that theory in the notice of claim, complaint, bill of particulars, or supplemental bill of particulars. The plaintiffs alleged in their complaint that the defendant caused or created the icy condition, and the plaintiff testified at a General Municipal Law § 50-h hearing as to his observations. Therefore, the defendant can make no viable claim of prejudice based on the plaintiffs' failure to specify the particulars of this theory of liability in the notice of claim and the pleadings (*cf. Lomax v New York City Health & Hosps. Corp.*, 262 AD2d 2, 4-5 [1999]). Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.