■ EUN SOOK MAING et al., Respondents-Appellants, v PO CHING FONG et al., Defendants, and ST. VINCENT'S HOSPITAL AND MEDICAL CENTER, Appellant-Respondent. [900 NYS2d 82]—In an action to recover damages for medical malpractice, etc., the defendant St. Vincent's Hospital and Medical Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 23, 2008, as (a) denied that branch of its motion pursuant to CPLR 4404 (a) which was to set aside so much of a jury verdict as awarded the infant plaintiff Daniel Maing damages in the sum of $500,000 for future psychological counseling, and, upon granting that branch of its motion which was to set aside, as excessive, so much of the jury verdict as awarded the plaintiff Eun Sook Maing the sum of $4.5 million for past pain and suffering and the sum of $6.5 million for future pain and suffering, and awarded the infant plaintiff Daniel Maing the sum of $150,000 for past pain and suffering and the sum of $7 million for future pain and suffering, granted it a new trial on the issue of damages in those categories unless the plaintiffs stipulate to reduce the verdict awarding the plaintiff Eun Sook Maing damages for past pain and suffering from the sum of $4.5 million to the sum of $3 million and for future pain and suffering from the sum of $6.5 million to the sum of $2 million, and awarding the infant plaintiff Daniel Maing damages for future pain and suffering from the sum of $7 million to the sum of $2.5 million, and (b)

granted the plaintiffs' cross motion to set aside, as contrary to the weight of the evidence, so much of the same jury verdict as found that the plaintiff Soo Maing was not entitled to damages for loss of services and consortium, and for a new trial unless it stipulates to increase the award to that plaintiff from the sum of $0 to the sum of $1 million; and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the motion of the defendant St. Vincent's Hospital and Medical Center which were to vacate so much of the jury verdict as awarded the plaintiff Eun Sook Maing damages for future psychological counseling and past and future lost earnings, and granted a new trial as to the damage award for Daniel Maing's future pain and suffering unless the plaintiffs agree to reduce the sum from $7 million to the sum of only $2.5 million.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting a new trial on the issue of damages as to the infant plaintiff Daniel Maing for future pain and suffering unless the plaintiffs stipulate to reduce the sum of $7 million awarded therefor to the sum of $2.5 million and substituting therefor a provision granting a new trial unless the plaintiffs stipulate to reduce that sum from $7 million to the sum of $4 million; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

The evidence was legally sufficient to support the jury's finding that St. Vincent's departed from accepted medical practice (see Flaherty v Fromberg, 46 AD3d 743 [2007]). Moreover, the liability verdict against St. Vincent's was not contrary to the weight of the evidence (see Speciale v Achari, 29 AD3d 674, 675 [2006]; Nicastro v Park, 113 AD2d 129 [1985]).

The proposed reduced damages award to the plaintiff Eun Sook Maing for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]). However, the proposed reduced damages award to the infant plaintiff Daniel Maing for future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (see CPLR 5501 [c]).

The Supreme Court properly found that the jury's determination that the plaintiff Soo Maing was not entitled to recover damages for loss of services and consortium was contrary to the weight of the evidence (see Langhorne v County of Nassau, 40 AD3d 1045, 1047 [2007]).

Furthermore, the plaintiffs failed to meet their burden of proving the amount of the plaintiff Eun Sook Maing's past and

future lost earnings with reasonable certainty (*see Deans v Jamaica Hosp. Med. Ctr.*, 64 AD3d 742, 744 [2009]; *Morgan v Rosselli*, 23 AD3d 356, 357 [2005]; *Gomez v City of New York*, 260 AD2d 598, 599 [1999]).

The parties' remaining contentions are without merit. Fisher, J.P., Florio, Belen and Hall, JJ., concur.