■ RUTH WILLIAMS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [945 NYS2d 564]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated January 7, 2010, as, upon a jury verdict finding that she sustained damages in the sums of $35,000 for future medical expenses, $600,000 for past pain and suffering, and $1,000,000 for

future pain and suffering, granted those branches of the defendant's motion pursuant to CPLR 4404 (a) which were to set aside the verdict as to future medical expenses as a matter of law, and to set aside the verdict as to past and future pain and suffering as excessive to the extent of directing a new trial as to those damages unless the parties stipulated to reduce the verdict as to past pain and suffering from the principal sum of $600,000 to the principal sum of $150,000 and as to future pain and suffering from the principal sum of $1,000,000 to the principal sum of $250,000.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting those branches of the defendant's motion pursuant to CPLR 4404 (a) which were to set aside the verdict as to past and future pain and suffering as excessive to the extent of directing a new trial as to those damages unless the parties stipulated to reduce the verdict as to past pain and suffering from the principal sum of $600,000 to the principal sum of $150,000 and as to future pain and suffering from the principal sum of $1,000,000 to the principal sum of $250,000, and substituting therefor a provision granting those branches of the defendant's motion to the extent of directing a new trial as to those damages unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the principal sum of $600,000 to the principal sum of $200,000, and to reduce the verdict as to future pain and suffering from the principal sum of $1,000,000 to the principal sum of $400,000; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the time for the plaintiff to serve and file her written stipulation, if she shall be so advised, shall be within 30 days after service upon her of a copy of this decision and order; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On June 1, 2001, the then-51-year-old plaintiff suffered a bimalleolar fracture of her right ankle as a result of tripping on steps in the Nevins Street subway station in Brooklyn. The next day, she underwent open reduction internal fixation surgery in which 11 screws were inserted into the lateral and remedial sides of the injured ankle. In the years that followed, the plaintiff experienced ongoing pain in the injured ankle and, in order to avoid the use of steps, moved from the third floor of her sister's home to the ground level.

The Supreme Court properly granted that branch of the de-

fendant's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as to future medical expenses as a matter of law, as there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Under the circumstances of this case, however, the damages awarded to the plaintiff for past and future pain and suffering, as reduced by the Supreme Court, deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Eun Sook Maing v Po Ching Fong*, 71 AD3d 1077, 1078 [2010]; *Rivera v Lincoln Ctr. for Performing Arts, Inc.*, 16 AD3d 274 [2005]; cf. *Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079 [2009]). Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.