NASR M. SABER, Appellant, v 69TH TENANTS CORP. et al., Respondents. (And a Third-Party Action.) [968 NYS2d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Taylor, J.), entered June 23, 2011, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant 69th Tenants Corp., or, in the alternative, to set aside the jury verdict on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) as contrary to the weight of the evidence and for a new trial on the issue of liability on that cause of action insofar as asserted against that defendant, or, in the alternative, for a new trial on the issue of liability on that cause of action insofar as asserted against that defendant on the ground that the charge to the jury was erroneous, and (2), as limited by his brief, from so much of a judgment of the same court entered August 26, 2011, as, upon the order, is in favor of the defendant 69th Tenants Corp. and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the complaint is reinstated insofar as asserted against the defendant 69th Tenants Corp., that branch of the plaintiff's motion which was for a new trial on the ground that

the charge to the jury was erroneous is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant 69th Tenants Corp. in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured while removing a mirror from the ceiling of a shower stall within a bathroom in a residential cooperative building owned by the defendant 69th Tenants Corp. At trial, the plaintiff testified that he was standing on a six-foot-tall A-frame ladder outside of a shower stall in an apartment, and that the door of the stall was closed as he tried to remove a mirror from the ceiling of the stall, while his assistant was standing beneath the mirror inside of the stall. The plaintiff testified that the mirror suddenly came loose from the ceiling of the shower stall. He explained that this caused the entire weight of the mirror to press upon his hand, so that his body bent over the shower door while he remained standing on the ladder and tried to keep the glass from falling on his assistant. Although the plaintiff stated that the ladder was wobbling under him as he tried to keep the mirror from falling, it was not until the mirror came into contact with the marble walls of the shower stall and shattered that he lost his balance and fell backwards off the ladder. The plaintiff further testified that, after the glass shattered, he "just fell down"; however, he explained that, although the ladder wobbled, and the wobbling motion contributed to his fall, the ladder itself did not fall because the space in which he was working was too small.

With respect to the cause of action alleging that 69th Tenants Corp. violated Labor Law § 240 (1), the trial court charged the jury that the statute requires "all owners in the altering of a building to furnish or erect, for the performance of such work, ladders which shall be so placed, operated and maintained as to give proper protection to the person performing such work." Further, the trial court charged:

"If you find that the ladder being used by plaintiff was so placed, operated or maintained as to give proper protection to plaintiff, you find for defendant 69th Tenants Corp. on this issue.

"If you find that the ladder was not so placed, operated or maintained as to give proper protection to plaintiff in the performance of the work and that the placement, operation or maintenance of the ladder was a substantial factor in causing plaintiff's accident, you will find for plaintiff on this issue."

The jury found that 69th Tenants Corp. violated Labor Law § 240 (1), but that the violation was not a proximate cause of the plaintiff's injuries. The plaintiff moved to set aside the verdict. The trial court denied the plaintiff's motion.

"For a court to conclude that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (*Anthony v New York City Tr. Auth.*, 38 AD3d 484, 485 [2007]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Villaurel v City of New York*, 59 AD3d 709, 711 [2009]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). Applying that standard here, in light of the evidence presented, the jury could have reasonably determined, based on a valid line of reasoning and permissible inferences, that any defect in the ladder was not the proximate cause of the accident. In light of the plaintiff's testimony that he did not fall until after the mirror struck the marble walls of the shower stall and shattered, the jury could have determined that the wobbling of the ladder did not contribute to his fall (*see e.g. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]; *Norero v 99-105 Third Ave. Realty, LLC*, 96 AD3d 727, 728 [2012]). Accordingly, the trial court correctly denied that branch of the plaintiff's motion which was to set aside the jury verdict and for judgment as a matter of law in the plaintiff's favor on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against 69th Tenants Corp. (*see* CPLR 4404 [a]).

"Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Fekry v New York City Tr. Auth.*, 75 AD3d 616, 617 [2010]; *see Cohen v Hallmark Cards*, 45 NY2d at 499). To set aside a jury verdict as contrary to the weight of the evidence, the movant must establish that the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d at 134). "It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see

and hear the witnesses" (*Fekry v New York City Tr. Auth.*, 75 AD3d at 617).

Here, the trial court properly denied that branch of the plaintiff's motion which was to set aside the verdict as contrary to the weight of the evidence and for a new trial on that ground. A fair interpretation of the evidence supported the jury's determination that the plaintiff's accident was not proximately caused by an improperly placed or maintained ladder but, instead, by the unanticipated dislodging of the mirror.

However, the trial court erred in failing to charge the jury in connection with Labor Law § 240 (1) as it applies to falling objects, such as the mirror in this case. "[L]iability may be imposed where an object or material that fell, causing injury, was 'a load that required securing for the purposes of the undertaking at the time it fell' " (*Andresky v Wenger Constr. Co., Inc.*, 95 AD3d 1247, 1248 [2012], quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1059-1060 [2011]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 421 [2006]). Moreover, whether the statute applies in a falling object case "does not . . . depend upon whether the object has hit the worker" but "whether the harm flows directly from the application of the force of gravity to the object" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *see Andresky v Wenger Constr. Co., Inc.*, 95 AD3d at 1248-1249).

Here, the plaintiff contended that the accident occurred not only due to the wobbly ladder, but also because the mirror was not properly secured during the removal process, thus causing it to fall. While the object that fell was to be removed as part of the project, the location in which that item was situated and the lack of any device to protect the worker directly below it from a clear risk of injury raise a factual issue as to whether the object required securing for the purposes of the undertaking (*cf. Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 11 [2011]). The trial court erred in failing to amend the charge to the jury so as to incorporate the contention that the mirror required securing (*see Carelli v Demoro-Grafferi*, 121 AD3d 673, 674 [1986]; *cf. Zory v Consolidated Edison Co. of N.Y.*, 248 AD2d 708, 709 [1998]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a new trial on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against 69th Tenants Corp. under the "falling object" theory.

In light of our determination, we need not reach the plaintiff's

remaining contentions. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.