■ LIDY TELSAINT, Appellant, v CITY OF NEW YORK, Respondent. [992 NYS2d 80]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated January 14, 2013, as granted that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of her on the issues of liability and damages and for judgment as a matter of law.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issues of liability and damages and for judgment as a matter of law is denied, the determination in the order denying, as academic, that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the

jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial is vacated, and that branch of the motion is denied on the merits, and the determination in the order denying, as academic, that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside, as excessive, the jury verdict on the issue of damages awarding the plaintiff the principal sums of $750,000 for past pain and suffering and $1,500,000 for future pain and suffering is vacated, and that branch of the motion is granted to the extent of directing a new trial on the issue of damages for past and future pain and suffering only, unless within 30 days after the service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for past pain and suffering from the principal sum of $750,000 to the principal sum of $350,000 and the award of damages for future pain and suffering from the principal sum of $1,500,000 to the principal sum of $900,000.

The plaintiff slipped and fell on ice on a sidewalk abutting the defendant's property, and was injured. Snow had fallen five days before the accident, and the snow had been shoveled into piles on either side of the sidewalk, with a path cleared in the middle for pedestrians. The temperatures had fluctuated in the days leading up to the accident, causing the piles of snow to melt and then freeze into the ice on which the plaintiff slipped. The plaintiff commenced this action against the defendant. A jury found the defendant liable, and awarded the plaintiff the sums of $750,000 for past pain and suffering and $1,500,000 for future pain and suffering. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the verdicts and for judgment as a matter of law, concluding that the plaintiff failed to adduce legally sufficient evidence that the defendant had constructive notice of the slippery condition of the sidewalk.

For a court to conclude that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Anthony v New York City Tr. Auth.*, 38 AD3d 484, 485-486 [2007]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]).

Under the circumstances presented here, the jury rationally could have concluded that the defendant had constructive notice of the icy condition that caused the plaintiff to slip and fall

(*see Anthony v New York City Tr. Auth.*, 38 AD3d at 485; *cf. Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907 [2005]). To establish the existence of constructive notice, a plaintiff must show that the defect was visible and apparent and that the defect existed for a sufficient length of time prior to an accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Anthony v New York City Tr. Auth.*, 38 AD3d at 485-486). Here, the jury rationally could have concluded from the testimony that ice originated from the piles of snow on the sidewalk that had melted and then frozen, and that this condition existed for a sufficient period of time to allow the defendant to discover and remedy it (*see Roca v Gerardi*, 243 AD2d 616, 617 [1997]).

Since the Supreme Court granted that branch of the defendant's motion which was to set aside the jury verdict and for judgment as a matter of law, it denied, as academic, the alternative branches of the defendant's motion which were to set aside the jury verdict as contrary to the weight of the evidence and for a new trial or to set aside, as excessive, the jury verdict on the issue of damages for past and future pain and suffering. Under the circumstances of this case, in which the complete record of the trial is before us, and in the interest of judicial economy, we address the merits of these alternative branches of the defendant's motion (*see Cusumano v City of New York*, 104 AD3d 639, 641 [2013]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Nicastro v Park*, 113 AD2d 129, 130 [1985]). Here, the jury's findings on the issue of liability were based on a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence.

However, the damages awarded to the plaintiff for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Williams v New York City Tr. Auth.*, 95 AD3d 1003, 1005 [2012]; *Eun Sook Maing v Po Ching Fong*, 71 AD3d 1077, 1078 [2010]; *Rivera v Lincoln Ctr. for Performing Arts, Inc.*, 16 AD3d 274 [2005]; *cf. Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079 [2009]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.