■ JAMES H. GORMAN, JR., et al., Appellants, v STACY LYNN MATHEW, Respondent. [58 NYS3d 87]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated April 22, 2015, as denied those branches of their motion pursuant to CPLR 4404 (a) which were to set aside so much of a jury verdict as awarded them damages in the principal sums of only $15,000 for past pain and suffering, $80,000 for future pain and suffering, $146,740 for past loss of earnings, and $0 for loss of services, and for a new trial on the issue of those damages.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiffs' motion which were to set aside the jury verdict on the issue of damages for past pain and suffering and past loss of earnings, and for a new trial on the issue of those damages, and substituting therefor a provision granting those branches of the motion to the extent of setting aside, as inadequate, the jury verdict on the issue of those damages and directing a new trial on the issue of damages unless the defendant shall serve and file in the Office of the Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to increase the award of damages for past pain and suffering from the principal sum of $15,000 to the principal sum of $75,000, and to increase the award of damages for past loss of earnings from the principal sum of $146,740 to the principal sum of $298,280; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the defendant to serve and file the written stipulation consenting to increase the award of damages for past pain and suffering and for past loss of earnings, if she be so advised, shall be 30 days after service upon her of a copy of this decision and order.

In November 2012, James H. Gorman, Jr. (hereinafter the injured plaintiff), was injured when his vehicle and a vehicle operated by the defendant were involved in a motor vehicle accident. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, asserting causes of action alleging negligence and loss of consortium.

Insofar as relevant on this appeal, in November 2014, a trial was conducted on the issue of damages. At the conclusion of the damages trial, the jury awarded the plaintiffs damages, inter alia, in the principal sums of $15,000 for past pain and suffering, $80,000 for future pain and suffering, $146,740 for past loss of earnings, and $0 for loss of services. The Supreme Court denied the plaintiffs' motion to set aside the verdict, and the plaintiffs appeal.

"The amount of damages to be awarded for personal injuries is primarily a question for the jury, and the jury's determination is entitled to great deference" (*Coker v Bakkal Foods, Inc.*, 52 AD3d 765, 766 [2008] [citations omitted]). "The standard for reviewing the inadequacy or excessiveness of a jury award is whether it 'deviates materially from what would be reasonable compensation'" (*Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632, 634 [2012], quoting CPLR 5501 [c]).

At the damages trial, the injured plaintiff's treating physician testified that the injured plaintiff sustained a right calcaneous (heel) fracture going "into the subtalar joint." The injured plaintiff had surgery, which required "put[ting] the pieces together and secur[ing] them with screws and a plate on the side of the heel." Five months after the surgery, the injured plaintiff "generally felt better," but did not return to work.

According to the treating physician, the injured plaintiff would be unable to return to his previous employment because he had difficulty moving. The injured plaintiff never returned to work after his injury, testifying that there was no light duty available at his place of employment. He officially retired from his employment in March 2014, although he had been planning to retire more than two years later.

Since the injured plaintiff's injuries required surgery and the insertion of hardware, the award of $15,000 for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see Vincent v Landi*, 123 AD3d 1183 [2014]).

In addition, the award of $146,740 for past loss of earnings deviated materially from what would be reasonable compensation to the extent indicated herein. The plaintiffs' economist testified that the injured plaintiff's total annual salary was

$149,140, which included $2,400 for the injured plaintiff's health insurance. The economist further testified that the injured plaintiff's loss of earnings during the approximately two years since the accident totaled $298,280, and that testimony was not refuted by the defendant.

The remaining jury awards challenged by the plaintiffs did not deviate materially from what would be reasonable compensation. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.