Larkin v Wagner (2019 NY Slip Op 02327)





Larkin v Wagner


2019 NY Slip Op 02327


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-11515
 (Index No. 14716/12)

[*1]Ruby Larkin, etc., appellant, 
v
John R. Wagner, etc., et al., respondents, et al., defendants.


Duffy & Duffy, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 2, 2016. The judgment, upon a jury verdict in favor of the plaintiff and against the defendants John R. Wagner and WGM Obstetrics and Gynecology, P.C., on the issue of liability, upon a jury verdict on the issue of damages awarding the plaintiff no damages for past pain and suffering, future pain and suffering, or future lost earnings, and upon an order of the same court dated October 9, 2015, granting that branch of the motion of the defendants John R. Wagner and WGM Obstetrics and Gynecology, P.C., which was pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law and denying that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside so much of the verdict on the issue of damages as awarded her no damages for past pain and suffering, future pain and suffering, or future lost earnings as contrary to the weight of the evidence and for a new trial on those issues, is in favor of the defendants John R. Wagner and WGM Obstetrics and Gynecology, P.C., and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is reversed, on the law and the facts, with costs, that branch of the motion of the defendants John R. Wagner and WGM Obstetrics and Gynecology, P.C., which was pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law is denied, the complaint insofar as asserted against those defendants and the verdict on the issue of liability are reinstated, that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside so much of the verdict on the issue of damages as awarded her no damages for past pain and suffering, future pain and suffering, or future lost earnings as contrary to the weight of the evidence and for a new trial on those issues is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past pain and suffering, future pain and suffering, and future lost earnings.
The subject child's mother commenced this action on the child's behalf to recover damages for injuries allegedly suffered by the child while in utero. At trial, the mother testified that [*2]she was treated during her pregnancy by the defendant John R. Wagner, a member of the defendant WGM Obstetrics and Gynecology, P.C. (hereinafter WGM; hereinafter together the respondents). When the pregnancy reached approximately 37 weeks of gestation, the mother fell while walking in a parking lot. On the same date, November 4, 2008, the mother presented to Huntington Hospital, where she was examined by the defendant Gerald Siegel. Siegel testified that he performed a sonogram and electronic fetal monitoring (hereinafter EFM), and the results were normal. However, Siegel testified that his notes indicate his concern for a potential "delayed" abruption, or separation, of the placenta from the wall of the uterus, and he advised the mother that she should follow up with her treating obstetrician-gynecologist.
The mother testified that two days later, on November 6, 2008, she visited Wagner's office and was examined by a nurse practitioner, who performed tests including EFM. The mother testified that on November 7, 2008, she experienced approximately 10 hours of continuous contractions, and on November 8, 2008, she suffered from a fever, chills, and nausea and/or vomiting. The mother next visited Wagner's office on November 10, 2008. The mother testified that at that visit she told Wagner that she was suffering from abdominal pain. Wagner testified that the mother did not complain of abdominal pain at the November 10, 2008, visit. He testified that at the November 10, 2008, visit he performed an examination and certain tests, but he did not testify that he performed EFM.
On the evening of November 12, 2008, the defendant Elisa Felsen-Singer delivered the child by an emergency cesarean section. At the time of her birth, the child suffered from extreme anemia, had only a third of her normal blood volume, and suffered from, inter alia, cerebral palsy. The child's father testified that, at the time of trial, the child was nonambulatory, was unable to use her arms or speak, was fed through a feeding tube, and required round-the-clock nursing care.
At the conclusion of the trial, the jury found that the respondents departed from the applicable standard of care by failing to perform EFM on November 10, 2008, and that such departure was a proximate cause of the child's injuries. The jury, inter alia, awarded no damages for the child's past pain and suffering, future pain and suffering, or future lost earnings. The respondents moved, among other things, pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against them. The plaintiff moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the verdict on the issue of damages as awarded her no damages for past pain and suffering, future pain and suffering, or future lost earnings as contrary to the weight of the evidence and for a new trial on those issues. The Supreme Court granted that branch of the respondents' motion, denied that branch of the plaintiff's motion, and entered a judgment in favor of the respondents and against the plaintiff dismissing the complaint insofar as asserted against the respondents. The plaintiff appeals.
A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted "only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Gaspard v Aronoff, 153 AD3d 795, 796). A jury verdict may not be set aside as against the weight of the evidence " unless the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746; see Gaspard v Aronoff, 153 AD3d at 796). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d 129, 133).
Here, the plaintiff adduced legally sufficient proof to establish a departure from the standard of care and as to causation. In particular, the plaintiff's expert obstetrician-gynecologist, Barry Schifrin, opined that the child suffered a placental "abruption plus or minus fetomaternal transfusion," which caused "a problem of oxygen availability in the baby's brain." Schifrin opined [*3]that continuous EFM testing should have been undertaken beginning on the date of the mother's fall, November 4, 2008. Schifrin testified that the EFM performed on November 12, 2008, showed that the child had been in distress for "quite some time." The plaintiff's expert pediatric hematologist, Jill DeJong, opined that the child's anemia was related to a fetomaternal transfusion. Based on that evidence, the jury could have reasonably found that had the respondents undertaken or begun continuous EFM on November 10, 2008, the harm to the child would have been avoided or mitigated. Further, although the respondents' experts opined that the respondents did not depart from accepted practice, the jury was entitled to resolve the conflicting expert testimony in the plaintiff's favor (see Bobek v Crystal, 291 AD2d 521, 523; McElroy v Yousuf, 268 AD2d 733, 736). Accordingly, the Supreme Court should not have granted that branch of the respondents' motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law (see Bianco v Sherwin, 165 AD3d 620; Hollingsworth v Mercy Med. Ctr., 161 AD3d 831, 832-833).
The jury's failure to award any damages for past pain and suffering and future pain and suffering deviates materially from reasonable compensation, in light of the evidence of the severe deficits suffered by the child, her ongoing need for medical treatment, ongoing medical events such as intractable seizures, and evidence of her consciousness and ability to interact with others (see CPLR 5501[c]; Eun Sook Maing v Po Ching Fong, 71 AD3d 1077, 1078; Sankar v Jamaica Hosp. Med. Ctr., 68 AD3d 844; see also Ramos v New York City Hous. Auth., 280 AD2d 325, 326). The jury's failure to award any damages for future lost earnings also deviates materially from reasonable compensation (see CPLR 5501[c]; Gorman v Matthew, 151 AD3d 816, 817-818; Sneddon v CSX Transp., 46 AD3d 1345, 1347).
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court