Morales v Davidson Apts., LLC (2021 NY Slip Op 02148)





Morales v Davidson Apts., LLC


2021 NY Slip Op 02148


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03983
 (Index No. 4749/15)

[*1]Luz Morales, respondent, 
v
Davidson Apartments, LLC, et al., appellants.


Babchik & Young, LLP (Cozen O'Connor, New York, NY [William Kirrane], of counsel), for appellants.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Debra Silber, J.), dated February 20, 2019. The judgment, upon (1) a jury verdict on the issue of liability in favor of the plaintiff, (2) the denial of the defendants' motion pursuant to CPLR 4401 for a directed verdict on the issue of liability, (3) a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of, inter alia, $2,000,000 for past pain and suffering, $2,000,000 for future pain and suffering, and $350,000 for future medical expenses, and (4) an order of the same court dated September 11, 2018, granting that branch of the defendants' motion pursuant to CPLR 4404(a) which was to set aside the jury verdict on the issue of damages as excessive only to the extent of reducing the award for damages for past pain and suffering from the principal sum of $2,000,000 to $600,000, is in favor of the plaintiff and against the defendants in the principal sum of $3,470,000.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff for future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendants' motion pursuant to CPLR 4404(a) which was to set aside, as excessive, so much of the jury verdict as awarded the plaintiff damages for future pain and suffering in the principal sum of $2,000,000 is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for future pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,400,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
On February 14, 2015, the then 58-year-old plaintiff sustained injuries when she slipped and fell on ice on a sidewalk abutting property owned and managed by the defendants. Thereafter, the plaintiff commenced this personal injury action against the defendants. At a jury trial [*2]on the issue of liability, the defendants moved pursuant to CPLR 4401 for a directed verdict on the ground that the plaintiff failed to establish that they had constructive notice of the icy condition. The Supreme Court denied the defendants' motion. Subsequently, the jury found in favor of the plaintiff on the issue of liability. The jury subsequently awarded the plaintiff damages in the principal sums of, inter alia, $2,000,000 for past pain and suffering, $2,000,000 for future pain and suffering, and $350,000 for future medical expenses. Thereafter, the court granted that branch of the defendants' motion pursuant to CPLR 4404(a) which was to set aside, as excessive, the award for past pain and suffering to the extent of reducing the award from the principal sum of $2,000,000 to $600,000. The plaintiff consented to that reduced award.
"A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party" (Boriello v Loconte, 181 AD3d 856, 857-858 [alterations and internal quotation marks omitted]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (id. at 858 [internal quotation marks omitted]). Here, affording the plaintiff the benefit of every inference that may properly be drawn from the evidence presented and considering the evidence in a light most favorable to her, the jury could have rationally concluded that the defendants had constructive notice of the icy condition that caused her to slip and fall (see Telsaint v City of New York, 120 AD3d 794, 795-796; Anthony v New York City Tr. Auth., 38 AD3d 484, 485-486). "To establish the existence of constructive notice, a plaintiff must show that the defect was visible and apparent and that the defect existed for a sufficient length of time prior to an accident to permit the defendant's employees to discover and remedy it" (Anthony v New York City Tr. Auth., 38 AD3d at 485-486; see Johnson v 101-105 S. Eighth St. Apts. Hous. Dev. Fund Corp., 185 AD3d 671, 672). Here, the jury could have rationally concluded from the testimony that ice originated from snow that fell several days before the accident that had melted and then froze, and that this condition existed for a sufficient period of time to allow the defendants to discover and remedy it (see Telsaint v City of New York, 120 AD3d at 796; Roca v Gerardi, 243 AD2d 616, 617). Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 4401 for a directed verdict on the issue of liability.
"It is within the Supreme Court's sound discretion to determine whether a particular witness is qualified to testify as an expert, and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion" (Ippolito v Consolidated Edison of N.Y., Inc., 177 AD3d 715, 716 [internal quotation marks omitted]). "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" (Plainview Water Dist. v Exxon Mobil Corp., 66 AD3d 754, 755 [internal quotation marks omitted]). Contrary to the defendants' contention, the testimony of the plaintiff's expert at the trial on the issue of liability was based on facts in the record, not speculation (see Felicia v Boro Crescent Corp., 105 AD3d 697, 698).
Contrary to the defendants' contention, the Supreme Court properly granted the plaintiff's request for a missing witness charge with respect to the subject property's superintendent, who was responsible for the snow removal at the property and was employed by the defendants (see Ever Win, Inc. v 1-10 Indus. Assoc., 111 AD3d 884, 886; Mofson v New York City Hous. Auth., 250 AD2d 741, 742).
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Nayberg v Nassau County, 149 AD3d 761, 762 [internal quotation marks omitted]; see CPLR 5501[c]). "Although prior damage[s] awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Vainer v DiSalvo, 107 AD3d 697, 698-699 [internal quotation marks omitted]). Considering the nature and the extent of the injuries sustained by the plaintiff, the award for past pain and suffering, as reduced by the Supreme Court, did not deviate materially from what would be reasonable compensation. In [*3]addition, the jury's award for future medical expenses was supported by the evidence (see Burnett v Jeffers, 90 AD3d 799, 801). However, the award for future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court