■ IRWIN KORNSPAN et al., Appellants, v BENJAMIN HERTZBERG, Doing Business as L.B.A. COMPANY, Defendant and Third-Party Plaintiff-Respondent. R AND A LEATHER FINISH Co., INC., Third-Party Defendant-Respondent. [602 NYS2d 873] — In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated March 18, 1991, which, after a jury trial, granted the respective motions of the defendant and the third-party defendant to set aside the jury verdict, and dismissed the plaintiffs' complaint and the third-party complaint.

Ordered that the judgment is modified, on the law, by deleting the first decretal paragraph thereof which granted the defendant's motion to set aside the jury verdict with respect to it, and substituting therefor a provision denying that motion; as so modified the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an interlocutory judgment attributing 20% of the fault in the happening of the accident to the plaintiff and 80% of the fault in the happening of the accident to the defendant.

Upon descending an outdoor, wooden staircase, the plaintiff Irwin Kornspan stepped on the third step, which, according to the plaintiff, tilted forward a bit, causing him to lose his balance. His efforts to regain his balance by utilizing the handrail were in vain, as he was unable to firmly grasp the four-inch-wide rail. Kornspan fell down the staircase, sustaining injuries.

Irwin Kornspan and his wife commenced the instant action against the defendant landlord, alleging that the defective staircase, which had been constructed and installed by the defendant, proximately caused his injuries. In turn, the defendant commenced a third-party action against the lessee of the premises. At the close of the liability portion of the trial, the trial court reserved decision on the motions to dismiss the complaint and the third-party complaint and submitted the case to the jury. The jury found that the plaintiff was 20% at fault in the happening of the accident, the defendant was 45% at fault in the happening of the accident, and the third-party defendant was 35% at fault.

Immediately following the verdict, both the defendant and the third-party defendant orally moved to set aside the verdict against them as against the weight of the credible evidence. The trial court granted both motions, finding Kornspan's testimony that one of the steps tilted as he stepped on it incredible, and further that if a loose step did cause his injuries, that was a condition of which the defendant had no notice. The plaintiffs appeal.

The trial court erred in setting aside the jury verdict

against the defendant. The undisputed evidence, provided both by the testimony of lay and expert witnesses and by photographic exhibits, established that the staircase was wobbly, the steps were not firmly in place, the dimensions of the risers and treads were irregular, nonuniform, and inconsistent, and the handrail was defectively constructed. Viewing that evidence in the light most favorable to the plaintiffs, the jury could rationally have concluded that the defective condition of the staircase, of which the defendant had notice, was a proximate cause of Kornspan's injuries *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431). It cannot be said that the jury's verdict was unsupported by any fair interpretation of the evidence *(Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 46 NY2d 528). Indeed, the jury's verdict as against the defendant was not against the weight of the credible evidence, and must be reinstated.

The same result does not obtain, however, with respect to the third-party defendant. The relationship between the defendant and the third-party defendant is governed by the terms of their commercial lease, which provides that responsibility for structural repairs resides with the landlord. Kornspan's injuries occurred as a consequence of a structural defect in the staircase installed by the defendant. Thus, the trial court properly set aside that portion of the jury's verdict which was against the third-party defendant.

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.