■ GOLDSMITH MOTORS CORP., Respondent, v CHEMICAL BANK, Appellant. [836 NYS2d 893]—In an action to recover damages for libel arising out of the wrongful dishonor of checks, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (LeVine, J.), dated June 28, 2004, which, inter alia, denied those branches of its cross motion which were to dismiss the complaint based on spoliation of evidence or, in the alternative, for summary judgment dismissing the complaint and denied, in effect, without prejudice to renewal before the trial court, that branch of its cross motion which was to preclude the plaintiff from calling its expert witness to testify at trial.

In an action to recover damages for libel arising out of the wrongful dishonor of checks, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), entered October 21, 2005, which, upon the granting of the defendant's motion, in effect, to set aside a jury verdict awarding it damages in the sums of $2,310,000 for injury to reputation and business and $660,000 for lost profits, and for judgment as a matter of law, is in favor of the defendant and against it, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion, in effect, to set aside the jury verdict and for judgment as a matter of law is denied, the jury verdict and the complaint are reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.

The plaintiff, a now-defunct automobile dealership, commenced this action against the defendant, Chemical Bank, to recover damages for libel arising out of the wrongful dishonor of checks. The plaintiff alleged that the defendant's conduct in dishonoring its checks resulted in damage to its reputation, credit standing, and business relationships, and thus its profits, and sought compensatory as well as punitive damages.

Contrary to the plaintiff's contention, the trial court correctly refused its request to charge the jury with respect to punitive damages. The plaintiff would not be entitled to recover punitive damages because the wrong of which it complains is essentially private rather than public. Moreover, the plaintiff failed to demonstrate that the defendant acted with malice or in reckless or willful disregard of the plaintiff's rights (*see Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479-480 [1993]; *Feder v Fortunoff, Inc.*, 114 AD2d 399 [1985]; *Luxonomy Cars v Citibank, N.A.*, 65 AD2d 549, 551 [1978]).

The Supreme Court erred, however, in granting the defendant's motion, in effect, to set aside the jury verdict and for judgment as a matter of law. To conclude that a jury verdict is not supported by sufficient evidence as a matter of law, a court

must find that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Nicastro v Park*, 113 AD2d 129, 132 [1985]). The Uniform Commercial Code provides that "[a] payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item" (UCC 4-402). Thus, to satisfy its burden of proving a prima facie case, the plaintiff was required to show that the defendant's wrongful dishonor of checks was a substantial factor in bringing about the events which produced the injury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). The issue of proximate cause is generally for the jury to determine, given "the unique nature of the inquiry in each case" (*Derdiarian v Felix Contr. Corp., supra* at 315).

In this case, the defendant conceded the wrongful dishonor of numerous checks drawn on the plaintiff's account between July 1993 and March 1994, and the Supreme Court granted the plaintiff's motion for a judgment as a matter of law on that issue. The plaintiff's president testified that after the subject checks were dishonored, employee morale was negatively affected and good salespeople quit; parts suppliers required cash on delivery; one auto body shop refused to release its customers' vehicles unless it was paid by the plaintiff in advance and its proprietor told proprietors of other businesses not to deal with the plaintiff; and the plaintiff's primary lender began conducting more frequent, disruptive floor plan checks, raised its interest rates, and refused to allow it to purchase merchandise at auctions, thereby adding to its financial difficulties. The plaintiff's comptroller essentially corroborated the president's testimony. The president testified that the business at the dealership declined, its income declined, its expenses increased, and it began to lose money in 1995. The president claimed that the dishonoring of the checks led to the ruination of his dealership, which eventually was closed in 1999. Explaining that having checks returned for insufficient funds has a "horrible effect" on a dealership's business and finding no other reason for the plaintiff's business decline, the plaintiff's expert attributed the decline to the wrongful dishonor of the plaintiff's checks. From this evidence, the jury could have rationally concluded that the defendant's wrongful dishonor of the checks was a proximate cause of the damages sustained by the plaintiff (*see Shante D. v City of New York*, 83 NY2d 948 [1994]; *Cohen v Hallmark Cards, supra*).

The defendant's remaining contentions are without merit (*see*

*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.