■ GOLDSMITH MOTORS CORP., Respondent, v CHEMICAL BANK, Appellant. [910 NYS2d 523]—In an action to recover damages for libel arising out of the wrongful dishonor of checks, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated August 13, 2008, which, inter alia, granted the plaintiff's cross motion pursuant to CPLR 5524 (b) to direct the clerk of the court to enter an amended judgment upon remittitur from this Court by decision and order dated June 19, 2007 (*see Goldsmith Motors Corp. v Chemical Bank*, 41 AD3d 648 [2007]).

Ordered that the order is affirmed, with costs.

Following trial, a jury awarded certain damages to the plaintiff. Thereafter, by judgment entered October 21, 2005, the Supreme Court granted that branch of the defendant's motion which was, in effect, to set aside the jury verdict and for judgment as a matter of law. Consequently, the Supreme Court did not consider that branch of the defendant's motion which was, in effect, to set aside the jury verdict on the issue of damages and for a new trial. On a prior appeal in this matter, by decision and order dated June 19, 2007, this Court reversed the judgment, finding that the jury could have rationally concluded that the defendant's wrongful dishonor of checks was a proximate cause of the damages sustained by the plaintiff (*see Goldsmith Motors Corp. v Chemical Bank*, 41 AD3d at 650). In addition, this Court directed that the matter be remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment (*id.*).

In the order appealed from, the Supreme Court, inter alia, granted the plaintiff's cross motion pursuant to CPLR 5524 (b) directing the clerk of the Supreme Court to enter an amended judgment upon remittitur from this Court following the decision and order dated June 19, 2007. We affirm.

Under the unusual circumstances of this case, the defendant

never had review of its assertion that the jury verdict on the issue of damages was contrary to the weight of the evidence and that a new trial should be held on the issue of damages. On this appeal, that issue has been briefed by the parties and, in the interests of judicial economy, we address the defendant's contention that the jury verdict on the issue of damages was contrary to the weight of the evidence and that a new trial should be held on that issue.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Contrary to the defendant's contention, the jury verdict on the issue of damages was not contrary to the weight of the evidence, as it was based on a fair interpretation of the evidence. Accordingly, the Supreme Court properly granted the plaintiff's cross motion pursuant to CPLR 5524 (b) directing the clerk of the Supreme Court to enter an amended judgment upon remittitur from this Court.

In light of our determination, we need not address the defendant's remaining contentions. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.