In an action to recover damages for personal injuries, etc., the *640 plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated November 23, 2011, as granted that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability finding the defendant at fault in the happening of the accident and for judgment as a matter of law.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law is denied, the jury verdict is reinstated, so much of the order as denied, as academic, the alternative branch of the defendant’s motion which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is vacated, that branch of the defendant’s motion is denied on the merits, and the matter is remitted to the Supreme Court, Queens County, for a determination on the issue of damages.
The plaintiffs alleged that they sustained damages as a result of an incident where the plaintiff Nocenzu Cusumano (hereinafter the injured plaintiff) fell down a staircase. At a retrial of this action (see Cusumano v City of New York, 63 AD3d 5 [2009], revd 15 NY3d 319 [2010]), the injured plaintiff, a firefighter, testified that on December 22, 1999, he was attending a training seminar at a building owned by the defendant. When he attempted to access the basement of the building, he slipped on debris in a stairwell, lost his balance, and fell forward. The injured plaintiff testified that as he fell forward, he unsuccessfully attempted to grab a handrail. In a report prepared in connection with the accident, the injured plaintiff stated that he “tried to catch his balance by grabbing for the bannister, but was unable to do so.” The injured plaintiff testified that he fell down the staircase and landed on the basement floor.
The plaintiffs presented expert testimony to establish that the handrail, which was flush against the wall, was dangerous and defective. The plaintiffs asserted that the defective nature of the handrail violated Administrative Code of the City of New York §§ 27-127 and 27-128, and that these violations were a cause of the injured plaintiff’s accident.
The jury returned a verdict on the issue of liability finding the defendant at fault in the happening of the accident. The defendant subsequently moved pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. In the order appealed *641 from, the Supreme Court determined that there was no evidence demonstrating that the allegedly defective handrail caused the injured plaintiffs accident. Accordingly, it granted that branch of the defendant’s motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law. It denied, as academic, that branch of the defendant’s motion which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
For a court to conclude that a jury verdict is not supported by legally sufficient evidence, it must determine that there is “no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Frenchman v Westchester Med. Ctr., 77 AD3d 618, 618-619 [2010]). Here, contrary to the Supreme Court’s determination, the jury could have rationally concluded that the defective nature of the handrail constituted “a factor that . . . play[ed] a part in producing the [accident]” so as to establish liability under General Municipal Law § 205-a (Giuffrida v Citibank Corp., 100 NY2d 72, 80 [2003]; see Kornspan v Hertzberg, 197 AD2d 673, 675 [1993]).
Since the Supreme Court granted that branch of the defendant’s motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law, it denied, as academic, the alternative branch of the defendant’s motion which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. Under the circumstances of this case, and in the interest of judicial economy, we address the defendant’s contention that the jury verdict on the issue of liability was contrary to the weight of the evidence and that a new trial should be held on that issue (see Goldsmith Motors Corp. v Chemical Bank, 78 AD3d 655, 655-656 [2010]; see also PDK Labs, Inc. v G.M.G. Trans W. Corp., 101 AD3d 970 [2012]).
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 745-746 [1995]; Nicastro v Park, 113 AD2d 129, 130 [1985]). Here, the jury’s findings were based on a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (see Kornspan v Hertzberg, 197 AD2d at 675).
The defendant’s contention that violations of Administrative Code §§ 27-127 and 27-128 may not form a predicate for liability under General Municipal Law § 205-a is without merit (see Anderson v Columbari, 79 AD3d 679, 681 [2010]; Terranova *642 v New York City Tr. Auth., 49 AD3d 10, 17 [2007]; Farrington v City of New York, 240 AD2d 697, 698 [1997]; cf. Reddy v 369 Lexington Ave. Co., L.P., 31 AD3d 732, 733 [2006]; Jang Hee Lee v Sung Whun Oh, 3 AD3d 473, 474 [2004]; Ahmad v City of New York, 298 AD2d 473, 474 [2002]). Rivera, J.E, Chambers, Hall and Miller, JJ., concur.