Montesione v Newell Rubbermaid, Inc. (2021 NY Slip Op 01253)





Montesione v Newell Rubbermaid, Inc.


2021 NY Slip Op 01253


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-10031
 (Index No. 71324/14)

[*1]Michelle Montesione, et al., appellants,
v
Newell Rubbermaid, Inc., respondent. Paul A. Hayt, New York, NY (Kareem R. Vessup of counsel), for appellants.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Kevin J. Murtagh of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (David F. Everett, J.), dated August 14, 2018. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, and upon the denial of the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is reversed, on the law, the facts, and in the exercise of discretion, with costs, the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability.
The plaintiff Michelle Montesione (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries the injured plaintiff allegedly sustained when a step stool manufactured by the defendant collapsed as she stood on it, while she was at work. Following the accident, one of the injured plaintiff's coworkers discarded the step stool in the trash. At the trial on the issue of liability, the defendant's expert testified, over the plaintiffs' objection, that the injured plaintiff's accident may have occurred because she slipped and fell onto the step stool. Over the plaintiffs' objection, the jury was asked the question: "Did the subject step stool collapse under the [injured] plaintiff while she was standing
on it on October 22, 2013, causing the [injured] plaintiff's accident?" The jury answered "No," thereby finding in favor of the defendant on the ground that the accident did not occur as the injured plaintiff said it did. Thereafter, the plaintiffs moved pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. A judgment was entered in favor of the defendant dismissing the complaint. The plaintiffs appeal from the judgment, arguing that the verdict was contrary to the weight of the evidence and that the defendant's expert should not have been permitted to testify that the accident may have occurred when the injured plaintiff fell onto the step stool.
"CPLR 4404(a) states[, inter alia,] that a court may set aside a jury verdict and . . . 'order a new trial . . . where the verdict is contrary to the weight of the evidence.' A jury verdict should not be set aside as contrary to the weight of the evidence unless the 'evidence so preponderate[s] in favor of the [moving party] that the jury could not have reached the verdict by any fair interpretation of the evidence'" (Seong Yim Kim v New York City Tr. Auth., 87 AD3d 531, 532, quoting Acosta v City of New York, 84 AD3d 706, 708).
"Whether a particular factual determination is against the weight of the evidence is itself a factual question. In reviewing a judgment of Supreme Court, the Appellate Division has the power to determine whether a particular factual question was correctly resolved by the trier of facts. If the original fact determination was made by a jury, as in this case, and the Appellate Division concludes that the jury has made erroneous factual findings, the court is required to order a new trial, since it does not have the power to make new findings of fact in a jury case (see Middleton v Whitridge, 213 NY 499, 506-508)" (Cohen v Hallmark Cards, 45 NY2d 493, 498).
"It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness (Weibert v Hanan, 202 NY 328, 331; Marx v Ontario Beach Hotel & Amusement Co., 211 NY 33, 38). He [or she] cannot reach his [or her] conclusion by assuming material facts not supported by evidence (People v Patrick, 182 NY 131, 172)" (Cassano v Hagstrom, 5 NY2d 643, 646). "[A]n expert's opinion not based on facts is worthless" (Caton v Doug Urban Constr. Co., 65 NY2d 909, 911).
We agree with the plaintiffs that the evidence so preponderates in favor of the plaintiffs on the issue of whether the subject step stool collapsed as the injured plaintiff stood on it causing her accident, that the jury could not have reached the verdict it did by any fair interpretation of the evidence (see Annunziata v City of New York, 175 AD3d 438; Canale v L & M Assoc. of N.Y., Inc., 155 AD3d 675). Moreover, the testimony of the defendant's expert that the accident may have happened because the injured plaintiff fell onto the step stool was speculative, lacked support in the record, and should not have been admitted in evidence (see Fenty v Seven Meadows Farms, Inc., 108 AD3d 588, 589; Erbstein v Savasatit, 274 AD2d 445).
Therefore, the Supreme Court should have granted the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court