Anarumo v Herzog (2022 NY Slip Op 00297)





Anarumo v Herzog


2022 NY Slip Op 00297


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-00436
 (Index No. 151065/14)

[*1]Mary Anarumo, appellant,
v
David Herzog, etc., et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for appellant.
Belair & Evans LLP, New York, NY (John T. Evans of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated November 28, 2017. The judgment, upon a jury verdict, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law, or in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In 2012, the plaintiff was prescribed Ortho Tri-Cyclen Lo, an oral contraceptive, by the defendant David Herzog. In September 2012, the plaintiff, then 34 years old, allegedly suffered a stroke. The plaintiff subsequently commenced this action against Herzog and his professional corporation (hereinafter together the defendants) to recover damages for medical malpractice and lack of informed consent.
The jury returned a verdict finding that Herzog did not depart from the standard of care. Thereafter, the plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law, or in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. A judgment was thereafter entered, upon the verdict, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
A motion to set aside a jury verdict and for judgment as a matter of law will be granted only if there is no valid line of reasoning and permissible inferences which could possibly lead a rational jury to the conclusion reached on the basis of the evidence presented at trial (see Killon v Parrotta, 28 NY3d 101, 108; Campbell v City of Elmira, 84 NY2d 505, 509-510; Cohen v Hallmark Cards, 45 NY2d 493, 499). "In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). Expert testimony is generally necessary to prove a deviation [*2]from accepted standards of medical care and to establish proximate cause (see Bianco v Sherwin, 165 AD3d 620, 622; Gaspard v Aronoff, 153 AD3d 795, 796).
Here, viewing the evidence in the light most favorable to the defendants, a valid line of reasoning exists by which a rational jury could have found that Herzog did not depart from accepted standards of medical care when he prescribed the plaintiff Ortho Tri-Cyclen Lo and when he failed to advise the plaintiff of the risks of that medication when prescribed to her. There was testimony that when the plaintiff came to see Herzog on June 5, 2012, she misled him by requesting a refill for birth control pills, which in fact, Herzog had never prescribed for her. Herzog testified that on that date the plaintiff's medical chart, which indicated that she had a history of strokes and a diagnosis of thrombophilia, was not in the office as his records were in the process of being converted to an electronic format as mandated by his employer. However, he further testified that as the plaintiff's chart was not available, he obtained a new medical history, but the plaintiff did not disclose that she had a history of strokes and a diagnosis of thrombophilia. Moreover, Herzog testified that because the plaintiff led him to believe that she was seeking to refill her prescription, he had no reason to discuss the risks as he would have already done so when he initially prescribed the pills. Herzog also testified that he would never have prescribed the plaintiff birth control pills had he known of her history.
The plaintiff's contention that the verdict was contrary to the weight of the evidence is also without merit. "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Scarpulla v Williams, 147 AD3d 1101, 1102). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Russo v Levat, 143 AD3d 966, 968-969). Here the disputed testimony of the parties presented issues of credibility which were for the jury to resolve (see Russo v Levat, 143 AD3d at 969). In addition, where, as here, the parties present expert testimony in support of their positions, it is the province of the jury to determine the experts' credibility (see Monroy v Glavas, 57 AD3d 631, 632). Based on the evidence introduced at trial, the verdict in favor of the defendants should not be disturbed.
The plaintiff's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court