Osorio v New York City Health & Hosps. Corp. (2022 NY Slip Op 07072)

Osorio v New York City Health & Hosps. Corp.

2022 NY Slip Op 07072

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2018-14537 
2019-07307
 (Index No. 708187/14)

[*1]Mario Osorio, et al., appellants, 
v
New York City Health and Hospitals Corporation, et al., respondents.

Appell & Parrinelli, New York, NY (John J. Appell of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Janet L. Zaleon of counsel), for respondents.
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 4, 2018, and (2) a judgment of the same court entered May 16, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.

DECISION & ORDER
By order to show cause dated October 21, 2021, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the judgment. By decision and order on motion of this Court dated December 13, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint is denied, the complaint is reinstated, so much of the order as, in effect, denied, as academic, the alternative branch of the defendants' motion which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is vacated, that branch of the defendants' motion is granted, the order is modified accordingly, and the matter is remitted to the [*2]Supreme Court, Queens County, for a new trial.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff Mario Osorio (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this medical malpractice action, inter alia, to recover damages for a torn meniscus to the injured plaintiff's left knee which he allegedly sustained during an examination by the defendant David Bressler on January 8, 2014. The plaintiffs' theory at trial was that Bressler had improperly performed a "McMurray" test on the injured plaintiff's left knee while standing on the right side of the injured plaintiff's body instead of his left during the examination, and that this departure caused the meniscus injury. The defendants disputed both that a McMurray test had been performed during the January 8, 2014 examination and that the injured plaintiff's meniscus injury had been caused by Bressler. At the conclusion of the trial, the jury returned a verdict in favor of the plaintiffs, finding that Bressler departed from good and accepted medical practice by improperly performing a McMurray test on the injured plaintiff's left knee while standing on the right side of the injured plaintiff's body during the examination, and that such departure caused the injured plaintiff to sustain a torn meniscus in his left knee, and awarded damages.
The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. In an order entered December 4, 2018, the Supreme Court granted that branch of the defendants' motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint, and, in effect, denied, as academic, that branch of the motion which was to set aside the verdict as contrary to the weight of the evidence and for a new trial. A judgment was subsequently entered in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
"Pursuant to CPLR 4404(a), after a jury trial, 'the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree after being kept together for as long as is deemed reasonable by the court'" (Yac v County of Suffolk, 205 AD3d 764, 765). "'A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (id. at 766-767, quoting Larkin v Wagner, 170 AD3d 1145, 1147 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499;
Anarumo v Herzog, 201 AD3d 778, 778). "In considering such a motion, the facts must be considered in a light most favorable to the nonmovant" (Sikorjak v City of New York, 168 AD3d 778, 780-781). "'The test is a harsh one because a finding that a jury verdict is not supported by sufficient evidence leads to a directed verdict terminating the action without resubmission of the case to a jury'" (Annunziata v City of New York, 175 AD3d 438, 440, quoting Nicastro v Park, 113 AD3d 129, 132). "'[T]he existence of a factual issue . . . justifies the granting of a new trial rather than a directed verdict'" (Yac v County of Suffolk, 205 AD3d at 767, quoting Fuchs v Wolff, 148 AD2d 665, 666).
In contrast, "[a] motion to set aside a jury verdict as contrary to the weight of the evidence should be granted '[o]nly where the evidence so preponderates in favor of the unsuccessful litigant that the verdict could not have been reached on any fair interpretation of the evidence'" (Yac v County of Suffolk, 205 AD3d at 765-766, quoting Reilly v Nina, 81 AD3d 913, 915 [internal quotation marks omitted]). "'It is for the jury to make determinations as to the credibility of witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses'" (Anarumo v Herzog, 201 AD3d at 779, quoting Russo v Levat, 143 AD3d [*3]966, 968-969). "'Whether a particular factual determination is against the weight of the evidence is itself a factual question. In reviewing a judgment of the Supreme Court, the Appellate Division has the power to determine whether a particular factual question was correctly resolved by the trier of facts. If the original fact determination was made by a jury, as in this case, and the Appellate Division concludes that the jury has made erroneous factual findings, the court is required to order a new trial, since it does not have the power to make new findings of fact in a jury case'" (Montesione v Newell Rubbermaid, Inc., 192 AD3d 680, 681, quoting Cohen v Hallmark Cards, 45 NY2d at 498). "'[T]he mere fact that some testimony in the record has created a factual issue does not deprive the [court] of the power to intervene in an appropriate case'" (Annunziata v City of New York, 175 AD3d at 445, quoting Nicastro v Park, 113 AD3d at 135).
Here, as to the issue of the sufficiency of the evidence, viewing the evidence in the light most favorable to the plaintiffs, and according them every favorable inference which may properly be drawn from the facts presented, there is a valid line of reasoning and permissible inferences which could lead rational individuals to the jury's conclusion that Bressler was negligent in his performance of a McMurray test on the injured plaintiff's left knee on January 8, 2014, and that such negligence caused the injured plaintiff's meniscus injury (see Yac v County of Suffolk, 205 AD3d at 766-767). Contrary to the defendants' contention, the injured plaintiff's testimony at trial as to the manner of examination being performed at the time of the injury was consistent with the description of a McMurray test as testified to by the plaintiffs' expert, and the opinions of the plaintiffs' expert as to proximate cause were not impermissibly speculative or conclusory (see Bilyavskiy v Parikh, 197 AD3d 605, 606; Bacchus-Sirju v Hollis Women's Ctr., 196 AD3d 670, 672). To the extent that the plaintiffs gave testimony at their depositions which contradicted the testimony which they gave at trial, these inconsistencies were raised at trial and explored on cross-examination, and ultimately presented an issue of fact for the jury to resolve (see Allen v Federation of Jewish Philanthropies of N.Y., 175 AD3d 1226, 1229; Gonyon v MB Tel., 36 AD3d 592, 593; see also Yac v County of Suffolk, 205 AD3d at 767). The Supreme Court therefore should have denied that branch of the defendants' motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint.
Upon granting that branch of the defendants' motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint, the Supreme Court, in effect, denied, as academic, the alternative branch of the defendants' motion which was to set aside the verdict as contrary to the weight of the evidence and for a new trial. Under the circumstances of this case, and in the interest of judicial economy, we address the defendants' contention that the verdict was contrary to the weight of the evidence and that a new trial should be held (see Telsaint v City of New York, 120 AD3d 794, 796; Cusumano v City of New York, 104 AD3d 639, 641).
As to the weight of the evidence, based on the record, we find that the verdict in favor of the plaintiffs could not have been reached on any fair interpretation of the evidence, and must be set aside (see CPLR 4404[a]; Cohen v Hallmark Cards, 45 NY2d at 498). Accordingly, we reverse the judgment, reinstate the complaint, grant that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, and remit the matter to the Supreme Court, Queens County, for a new trial.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court