Aronov v Khavinson (2024 NY Slip Op 50130(U))

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

[*1]

Aronov v Khavinson

2024 NY Slip Op 50130(U)

Decided on February 9, 2024

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on February 9, 2024
Supreme Court, Kings County

David Aronov, individually and as a member of 290 13th Street, LLC suing, on behalf of himself and all other members of 290 13th Street, LLC similarly situated and in the right of 290 13th Street LLC, Plaintiff,

againstEugene A. Khavinson, Mikhail Kremerman, Michael Khavinson, Vyacheslav Faybyshev, Yana Soskil, Vitaly Kochney, Arytom Kirzhner, Mikola Volynsky, Alexander Boguslavsky, Omni Build Inc., and 290 13th Street, LLC., Defendants.
Index No. 500499/2016

For Plaintiff David Aronov: 
Raymond Grasing of The Law Firm of Grasing and Associates, P.C., 99 Smithtown Boulevard, Suite 6, Smithtown, NY 11787, 631-240-4480, rgrasing@grasinglaw.com
For all Defendants:Oleg Mestechkin of Mestechkin Law Group P.C., 2218 Ocean Avenue, Brooklyn, NY 11229, 212-256-1113, om@lawmlg.comWing Chiu of Mestechkin Law Group P.C., 2218 Ocean Avenue, Brooklyn, NY 11229, 212-256-1113, wkc@lawmlg.com


Patria Frias-Colón, J.

PROCEDURAL HISTORY
On or about January 14, 2016, Plaintiff commenced this derivative action with the filing [*2]of his Summons and Verified Complaint.[FN1]
Plaintiff initially alleged eleven causes of action, consisting of: (1) conversion, (2) fraud and deceit, (3) unjust enrichment, (4) breach of duty, (5) constructive trust, (6) injunctive relief, (7) an accounting, (8) production of books and records, (9) removal of operating managers, (10) as against all defendants, and (11) common law dissolution.[FN2]
Plaintiff subsequently brought a motion for leave to amend his complaint [FN3]
to include six additional causes of action, consisting of: (12) legal malpractice, (13) breach of fiduciary duty, (14) legal fraud, (15) breach of contract, (16) attorneys' fees pursuant to Business Corporation Law ("BCL") § 626(e), and (17) violation of General Business Law § 352(e).[FN4]
In turn, Defendant brought a cross-motion opposing Plaintiff's motion to amend his complaint and to dismiss Plaintiff's amended complaint.[FN5]
By order, dated September 27, 2018 (Ash, J.), in relevant part, denied all but one branch of Plaintiff's motion for leave to amend, by allowing only his request for attorney fees to be added as a cause of action.[FN6]

Thus, Plaintiff's amended complaint now includes twelve causes of action, consisting of: (1) conversion, (2) fraud and deceit, (3) unjust enrichment, (4) breach of duty, (5) constructive trust, (6) injunctive relief, (7) an accounting, (8) production of books and records, (9) removal of operating managers, (10) against all defendants, (11) common law dissolution, and (12) attorneys' fees pursuant to BCL § 626(e).[FN7]

After proceeding to a bifurcated trial, a trial on liability was commenced on December 4, 2023 and completed on December 20, 2023.[FN8]
The jury was presented with six sets of interrogatories, in each instance, as to each of Defendants Eugene Khavinson, Vyacheslav Faybyshev, and Mikhail Kremerman (collectively, the "Principal Defendants").[FN9]
Each set of interrogatories asked whether the particular Principal Defendant (i.e., Khavinson, Faybyshev, and Kremerman): (1) breached his fiduciary duty to 290 13th Street, LLC. ("LLC"), including to its members, such as Plaintiff (the "breach of fiduciary duty verdict"); (2) breached his duty of loyalty and good faith to the LLC, including to its members, such as Plaintiff (the "breach of loyalty/good faith verdict"); (3) was liable to the LLC for fraud and deceit (the "fraud/deceit verdict"); (4) was liable to the LLC for an accounting (the "accounting verdict"); (5) was liable to the LLC for unjust enrichment (the "unjust enrichment verdict"); and (6) was liable to the LLC for conversion (the "conversion verdict"). With one exception noted below, the jury unanimously found in favor of Plaintiff on his claims against all Principal Defendants. The only exception is that the jury found that Principal Defendant Kremerman was not liable to the LLC [*3]on the accounting liability verdict.[FN10]
The Principal Defendants, joined by the other Defendants, now bring a motion for judgment notwithstanding the verdict (a "JNOV") on liability, challenging five of the six categories of the liability verdict; namely, the breach of fiduciary duty verdict, the breach of loyalty/good faith verdict, the fraud/deceit verdict, the unjust enrichment verdict, and the conversion verdict (the "JNOV motion").[FN11]
The JNOV motion does not challenge the accounting verdict.[FN12]
Plaintiff opposes the JNOV motion.[FN13]
On January 25, 2024, the Court denied the JNOV motion from the bench, with a proviso that a written decision/order was to follow.
POSITION OF THE PARTIESDefendants argue that judgment notwithstanding the verdict should be entered in the Principal Defendants' favor on each of the five aforementioned categories of Plaintiff's claims because, in their view, no reasonable juror could have entered a verdict on any of those claims in the absence of legally sufficient evidence.[FN14]
Plaintiff opposes, maintaining that there was a valid line of reasoning, and that there were permissible inferences which could (and did) lead rational persons to the conclusions reached by the jury, based on the extensive evidence presented at trial.[FN15]

DISCUSSIONAfter a jury trial, pursuant to CPLR § 4404(a), "the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law...where the verdict is contrary to the weight of the evidence...." "A motion for judgment as a matter of law pursuant to CPLR [§] 4404(a) may be granted [o]nly when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party." Osorio v. New York City Health & Hosps. Corp., 211 AD3d 842, 844 (2d Dept. 2022) (internal quotation marks omitted). "In considering such a motion, the facts must be considered in a light most favorable to the nonmovant." Sikorjak v. City of New York, 168 AD3d 778, 780-781 (2d Dept. 2019). "The test is a harsh one because a finding that a jury verdict is not supported by sufficient evidence leads to a directed verdict terminating the action without resubmission of the case to a jury." Nicastro v. Park, 113 AD2d 129, 132 (2d Dept. 1985).
The jury had plenty of evidence from which to find for Plaintiff, including (without limitation) the following:
1. The evidence at trial showed that the Principal Defendants used the LLC transferred the LLC's funds to third parties, including entities which were affiliated with (and the individuals who were friends with) them, for purposes unrelated to the narrow business of the LLC which was to build a four-unit residential condominium and to sell the units therein.
2. Contrary to Defendants' position, there was no loan documentation, no loan agreements, and no promissory documenting the alleged loans to, and repayments from, the LLC's funds. The jury was presented with the numerous discrepancies in the LLC's tax returns, which discrepancies the trial testimony of Principal Defendants Khavinson and Kremerman, and of Defendant Boguslavsky made more evident.
3. As Plaintiff correctly points out,[FN16]
the Principal Defendants failed to attempt to collect the remainder of the balance of the LLC's loan of approximately $750,000 made in September 2014 to Omni Build Inc. ("Omni"), even though Omni remained in loan default even after the LLC had extended the due date of the loan. According to Principal Defendant Faybyshev (who concurrently owned Omni), the LLC determined not to attempt to enforce its rights against Omni for the balance of the loan because Omni had its own financial difficulties. It was reasonable for the jury to find that the LLC's decision not to enforce its loan rights against Omni benefited Faybyshev's ownership interest in Omni at the expense of the LLC. Indeed, the evidence at trial showed that the Principal Defendants attempted to recharacterize the Omni loan as a construction expense on the LLC's records.
4. The jury could reasonably find, notwithstanding the confusing paper trail and the contradictory trial testimony, that the LLC did make (either directly or indirectly) a $250,000 loan to Defendant Boguslavsky for the purposes that were unrelated to the LLC's business.
5. The jury could also reasonably find that the Principal Defendants manipulated their ownership interest and those of others in the LLC, without regard to the requirements of the LLC's operating agreement.
6. Likewise, the jury could reasonably find that Defendant Boguslavsky acquired no interest in the LLC.
CONCLUSIONIn sum, it cannot be said that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial." Cohen v. Hallmark Cards, Inc., 45 NY2d 493, 499 (1978). Accordingly, Defendants are not "entitled to judgment as a matter of law." See CPLR § [*4]4404 (a).
This constitutes the Post-Trial Decision and Order of this Court.
February 9, 2024Brooklyn, New YorkHon. Patria Frias-Colón, J.S.C.
Footnotes

Footnote 1:NYSCEF Doc. #s 1 & 2.

Footnote 2:See NYSCEF Doc. # 2.

Footnote 3:NYSCEF Doc. # 92.

Footnote 4:NYSCEF Doc. # 94.

Footnote 5:NYSCEF Doc. # 105.

Footnote 6:NYSCEF Doc. # 110.

Footnote 7:NYSCEF Doc. # 115.

Footnote 8:NYSCEF Doc. # 227 (Extract of Minutes).

Footnote 9:NYSCEF Doc. # 227 (Extract of Minutes — Interrogatories, pages 1-2).

Footnote 10:NYSCEF Doc. #227 (Extract of Minutes, Answer to Interrogatory # 12).

Footnote 11:NYSCEF Doc. # 183.

Footnote 12:NYSCEF Doc. #185, page i (list of arguments).

Footnote 13:NYSCEF Doc. # 197.

Footnote 14:NYSCEF Doc. # 185, page 3.

Footnote 15:NYSCEF Doc. #197.

Footnote 16:NYSCEF Doc # 197, ¶ 16 (B), pages 10-11.