Plazas v Sherlock (2024 NY Slip Op 03192)

Plazas v Sherlock

2024 NY Slip Op 03192

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-02481
2022-02483
 (Index No. 501384/19)

[*1]Mauricio A. Mossos Plazas, appellant, 
v
Brenna Marie Sherlock, et al., respondents.

Ronai & Ronai, LLP, Port Chester, NY (Holly Ostrov-Ronai and The Paris Law Group, P.C., New York, NY [Jason L. Paris], of counsel), for appellant.
McCabe & Mack LLP, Poughkeepsie, NY (Matthew V. Mirabile of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated March 18, 2022, and (2) an order of the same court dated March 21, 2022. The order dated March 18, 2022, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law on the issue of comparative negligence or, in the alternative, for a new trial in the interest of justice, or, in the alternative, to set aside the jury's apportionment of fault as contrary to the weight of the evidence and for a new trial on that issue, or, in the alternative, to set aside, as inadequate, so much of the jury verdict on the issue of damages as awarded the plaintiff the sums of $53,625 for past pain and suffering and $0 for future pain and suffering, future medical expenses, and future lost earnings and for a new trial on the issue of those damages. The order dated March 21, 2022, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to reduce the jury's award for past lost earnings from the principal sum of $53,625 to the principal sum of $1,712.50.
ORDERED that the order dated March 18, 2022, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside, as inadequate, so much of the jury verdict on the issue of damages as awarded $53,625 for past pain and suffering, and substituting therefor a provision granting that branch of the motion, and the matter is remitted to the Supreme Court, Putnam County, for a new trial on the issue of damages for past pain and suffering, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants serve and file in the office of the Clerk of the Supreme Court, Putnam County, a written stipulation consenting to increase the amount of damages for past pain and suffering from the principal sum of $53,625 to the principal sum of $200,000; as so modified, the order is affirmed, without costs or disbursements; and it is further;
ORDERED that the order dated March 21, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when a vehicle owned by the defendant Kevin G. Sherlock and operated by the defendant Brenna Marie Sherlock (hereinafter the defendant driver) collided with the plaintiff's vehicle at an intersection. A jury rendered a verdict finding that both the plaintiff and the defendants were negligent and their negligence was a proximate cause of the plaintiff's injuries and apportioning 50% of fault to the defendants and 50% to the plaintiff. After the verdict on the issue of liability, the plaintiff learned that the father of the trial justice's law clerk was affiliated with the defense counsel's firm, and the plaintiff requested a mistrial. The Supreme Court denied the application.
After a trial on damages, the jury awarded the plaintiff damages in the sums of $53,625 for past pain and suffering, $53,625 for past lost earnings, and $0 for future pain and suffering, future lost earnings, and future medical expenses. The plaintiff thereafter moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law on the issue of comparative negligence or, in the alternative, for a new trial in the interest of justice, or, in the alternative, to set aside the jury's apportionment of fault as contrary to the weight of the evidence and for a new trial on that issue, or, in the alternative, to set aside, as inadequate, so much of the jury verdict on the issue of damages as awarded the plaintiff the sums of $53,625 for past pain and suffering and $0 for future pain and suffering, future medical expenses, and future lost earnings and for a new trial on the issue of damages. The defendants moved pursuant to CPLR 4404(a) to set aside the jury's award for past lost earnings.
In an order dated March 18, 2022, the Supreme Court denied the plaintiff's motion. In an order dated March 21, 2022, the court granted the defendant's motion to the extent of reducing the jury's award of damages for past lost earnings to the principal sum of $1,712.50. The plaintiff appeals from both orders.
The Supreme Court properly denied that branch of the plaintiff's motion which was to set aside the jury verdicts based on alleged juror misconduct. "It has long been the law that, with narrow exceptions, jury verdicts may not be impeached by probes into the jury's deliberative process" (Russo v Mignola, 142 AD3d 1064, 1066 [internal quotation marks omitted]; see Khaydarov v AK1 Group, Inc., 173 AD3d 721, 722). Here, the jurors' affidavits submitted by the plaintiff constituted a probe into the jury's deliberative process and could not be used to impeach the verdicts (see Carnevale v Elizabeth Wende Breast Care, LLC, 106 AD3d 1516, 1516; see also Khaydarov v AK1 Group, Inc., 173 AD3d at 723; Gabrielle G. v White Plains City Sch. Dist., 106 AD3d 776, 777).
Furthermore, the Supreme Court properly denied that branch of the plaintiff's motion which was to set aside the jury verdicts based upon the connection between the trial justice's law clerk and the defense counsel's firm (see Damiani v Damiani, 172 AD3d 1808, 1809 n 2; Rath v Melens, 15 AD3d 837, 837). The record demonstrates that the trial justice insulated the law clerk from working on any action involving the defense counsel's firm, and the plaintiff failed to submit any evidence of actual bias or impropriety.
"The apportionment of fault among the parties is generally an issue of fact for the jury, and the jury's apportionment of fault should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence" (Hernandez v Pappco Holding Co., Ltd., 136 AD3d 981, 983 [citations omitted]; see Osorio v New York City Health & Hosps. Corp., 211 AD3d 842, 844). "It is for the jury to make determinations as to the credibility of witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Osorio v New York City Health & Hosps. Corp., 211 AD3d at 844 [internal quotation marks omitted]). The Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of apportionment of fault as contrary to the weight of evidence, as the jury's verdict was supported by a fair interpretation of the evidence.
"A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable [*2]compensation" (Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658; see CPLR 5501[c]; see Petit v Archer, 218 AD3d 695, 696). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d 739, 741; see Petit v Archer, 218 AD3d at 696).
Here, the jury's award of damages for future pain and suffering, future medical expenses, and future lost earnings was not against the weight of the evidence. However, the jury's award of damages in the sum of $53,625 for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see Chung v Shaw, 175 AD3d 1237, 1239; Garcia v CPS 1 Realty, LP, 164 AD3d at 658; Eastman v Nash, 153 AD3d 1323, 1324-1326).
The plaintiff's remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court